UNITED STATES *v.* HUNTER.

*(District Court, N. D. Mississippi. December Term, 1882.)*

1. SUBPŒNA DUCES TECUM—TELEGRAPH OPERATOR—PRACTICE—EXAMINATION BEFORE GRAND JURY.

When the district attorney, either upon his own motion or at the instance of the grand jury, applies for a *subpœna duces tecum*, he should state that there is a question either pending before, or which is intended to be brought before, the grand jury or the court, in which certain telegrams, sent from or received at the telegraph office in charge of the witness named, are believed to be per-

tinent to the question to be considered, and should state the name of the parties sending or receiving the telegrams, and should further state the periods between which, or the day upon which, they were sent or received, which should be a reasonable time; or, if the names of the parties should not be known, then the time, and the subject-matter which the dispatches contain, or to which they relate, should be stated.

2. SAME—SUBPŒNA—WHAT TO STATE.

The subpœna should describe the telegrams required to be produced as they are described in the application for the writ, either naming the parties sending or receiving them and the subject-matter to what they relate, or, if the names are unknown, then the subject-matter and the time or the periods between which they were sent or received.

3. SAME—DUTY OF WITNESS TO APPEAR—SUBMISSION TO INSPECTION OF COURT —PROVINCE OF COURT.

It is the duty of the witness so subpœnaed to appear before the grand jury or court and produce the telegrams stated in the subpœna, and if he has doubts as to whether or not he should produce any telegram called for, he may submit it to the inspection of the court, which may decide on the question of its production.

HILL, J. The questions now presented for decision arise upon the motion of said Hunter to quash the *subpœna duces tecum*, which has been issued and served upon him, commanding him to appear before the grand jury of said court now in session, and to produce all the telegrams sent from or received at the telegraph office at Holly Springs, and of which he has charge, between the sixth and twentieth days of November last, and including both of said days, and to be used as evidence before said grand jury.

It is insisted, upon behalf of said Hunter, that he ought not to be required to produce said telegrams, and for the following reasons, stated in the motion:

*First.* Because said subpœna is too vague and uncertain, not specifying what telegrams are wanted, nor whose telegrams, or upon what subject-matter. *Second.* Because said subpœna requires said Hunter to produce telegrams having no bearing or relation to any proceeding or suit or prosecution before the grand jury, and which could by no kind of possibility relate to any crime of which said grand jury could have cognizance. *Third.* Because said subpœna requires said operator to use and cause to be used, and to make known and cause to be made known, the contents of dispatches which were sent and received over the telegraph lines used by him, which said operator could not do without the consent of the parties sending and receiving the same, or of either of them, the said parties. *Fourth.* Because said subpœna requires said operator to produce documents which are protected from disclosure by reason of public policy. *Fifth.* And for various other good causes.

The questions presented are very important, as they relate to the administration of public justice on one side, and to private interests on the other. Such practice should be adopted and observed as will

secure the administration of justice on the one side, and, as far as possible, avoid the invasion of private rights and secret communications affecting individuals by means of this unparalleled mode of communication on the other. That the United States and the states have a right to call for and use such telegrams as may be pertinent to any matter pending before their respective grand juries or courts, in relation to prosecutions for crimes, is admitted. That telegrams having no pertinency to such inquiries are inadmissible, and ought not to be produced, is also admitted. The only inquiry is as to the proper mode to require the production of those proper to be produced and those which should be excluded. The practice heretofore resorted to in the courts over which I preside, and not objected to, was for the subpœna to require the production of all telegrams received or sent between certain short specified periods which were submitted to the inspection of the court, who was, without any one else knowing it, put in possession of the points of inquiry before the grand jury; and only such telegrams as pertained to the point of inquiry were permitted to be used as evidence, the others being returned to the witness.

This is the first time any other rule has been invoked; but, another rule being invoked, it becomes necessary to settle it. After consideration of the question I am satisfied the following rule of practice more nearly tends to secure the desired purpose than any other:

When the district attorney, either upon his own motion or at the instance of the grand jury, applies for the subpœna, he should state that there is a question either pending before the grand jury or the court, or which is intended to be brought before the grand jury or court, as the case may be, in which certain telegrams sent from or received at the telegraph office in charge of the witness named, are believed to be pertinent to the question to be considered, and should state the names of the parties sending or receiving the telegrams, and should further state the periods between which, or the day upon which, sent or received, which should be a reasonable time; or, if the names of the parties should not be known, then the time should be stated, and the subject-matter which the dispatches are supposed to contain, or to which they are supposed to relate, in either case, in order that the court or judge ordering the subpœna may have some means of judging the relevancy of the testimony sought. The district attorney is an officer of the court, and who cannot be presumed to be influenced by any design only to enforce and vindicate the law, hence his statements must be relied upon by the court as true, and induced only by a proper sense of official duty.

The subpœna should describe the telegrams required to be produced as described in the application, either naming the parties sending or receiving, if stated, and the subject-matter to which they are supposed to relate; or, if the names are not known, then the subject-matter and the time or periods between which they were sent or received. When such a subpœna is served upon the person having the possession of the telegram, it is his duty to appear before the grand jury or court and produce the telegram. If he has doubts as to whether or not he should produce any telegram called for, he has a right to submit it to the inspection of the court, who will determine whether or not it should be produced. It is insisted in behalf of Hunter, the witness, that the court has no right to judge as to what papers should be submitted as evidence to the grand jury; that it is a body entirely separate and distinct from the court. I do not so consider it. The grand jury is part of the court and under its control, and when any question arises between the grand jury and a witness, it is the province and duty of the court to decide between them and direct what questions shall be answered, which is done without publicity, by means of written interrogatories and answers submitted to the court, the decisions of the court being made in writing.

It is objected by the district attorney that the witness is not competent to judge as to what is pertinent and proper evidence, and therefore all the telegrams should be submitted to the court, or some one else designated by the court. There is force in the position; but the witness is the custodian of all the telegrams in his office, and is presumed to be a man of ordinary sense and capable of understanding the telegrams designated in the subpoena, either by the names of the parties or the subject-matter, and although there may be cases in which, either from the want of proper discernment upon the part of the witness, or a disposition to screen the party sought to be charged, it is better that such testimony be lost than that any improper disclosure of the correspondence between those unconnected with the matter of inquiry should be made.

There being a necessity for an immediate decision of the question, I have not time to further discuss the questions presented. The subpœna being obnoxious to the rules stated, the motion to quash it must prevail, but with leave to the district attorney to amend his aplication and process according to the rules stated.

See *Wertheim* v. *Cont. Ry. & Trust Co.*, *post*, 716, and note, *post*, 718.