299 F.2d 335
 62-1 USTC P 9280
 Application of Percy C. and Margaret A. MAGNUS to quash
certain summonses issued by the Internal Revenue Service to
testify, and produce records, etc., Petitioners-Appellants,
United States of America, Respondent-Appellee.
 No. 231, Docket 27174.
 United States Court of Appeals Second Circuit.
 Argued Jan. 19, 1962.
Decided Feb. 13, 1962.
 
 Boris Kostelanetz, New York City (Corcoran, Kostelanetz, Gladstone & Lowell, New York City, on the brief; Jules Ritholz, Edward J. Daus, New York City, of counsel), for the petitioners-appellants.
 John F. X. Peloso, Asst. U.S. Atty., Southern District of New York, New York City (Robert M. Morgenthau, U.S. Atty., for the Southern District of New York, New York City, on the brief; Morton L. Ginsberg, Asst. U.S. Atty., New York City, of counsel), for the respondent-appellee.
 Before MEDINA, MOORE and SMITH, Circuit Judges.
 LEONARD P. MOORE, Circuit Judge.
 
 
 1
 Percy C. and Margaret A. Magnus (referred to as 'the taxpayers') whose income tax liability for the years 1948 through 1957 is under investigation by agents of the Internal Revenue Service (IRS) appeal from an order denying a motion to quash two summonses issued under authority of Section 7602, Internal Revenue Code of 1954, 26 U.S.C.A. 7602, (the Code). One summons was directed to a corporation, Magnus, Mabee & Reynard, Inc., of which Percy C. Magnus is president, a director, and a stockholder; the other was directed to the firm, Hurdman & Cranstown, Certified Public Accountants, which performed services for the corporation (including the preparation of tax returns) and for Mr. Magnus personally.
 
 
 2
 Section 7602, 'Examination of books and witnesses,' gives to the Secretary or his delegate broad powers 'to examine any books, papers, records, or other data which may be relevant or material to such inquiry (i.e., ascertaining correctness of any return, determining or collecting any liability).' He may also summon any person deemed proper to produce books and records containing entries relating to the business of the taxpayer under investigation and to take relevant or material testimony. Accordingly, the Secretary served summonses not upon the taxpayers but upon third parties to give testimony and produce certain specified records. These third parties did not appear upon the motion to quash and object that their appearance to give testimony or the production of records would be 'unreasonably onerous' or that the information sought is not 'material and relevant to the investigation' (Foster v. United States, 2 Cir., 1959, 265 F.2d 183, 186, cert. denied 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959).
 
 
 3
 That these 'considerations constitute the criteria for judicial enforcement of subpoenas issued by various administrative agencies is well established: an affirmative showing of probable cause for the administrative inquiry is not required. (Citing cases.)' Ibid. We have held that: 'The same principles and the same criteria are applicable to the enforcement of Internal Revenue subpoenas. (Citing cases.)' Ibid. In Foster a summons was served on the New York Agency of a foreign bank to produce records of the taxpayers under investigation. Failure to obey brought about the issuance of an ex parte order directing compliance which the Bank sought to have vacated. At this point, the taxpayers moved to intervene, which motion unopposed was granted. The taxpayers were the appellants, the Bank apparently being willing to abide the event and not claiming that the summons was overburdensome or called for records which were irrelevant and immaterial. The taxpayers, in objecting to the summons, asserted that on the merits any tax claim against them was barred by the statute of limitations; hence, they argued that the examination was 'unnecessary and unreasonable.' This court affirmed that denial of the motion to vacate.
 
 
 4
 Appellants in the case now before us, as they did in the court below, endeavor to bring themselves within the provisions of Section 7605(b)[1] of the Code which deals with 'Restrictions on examination of taxpayers.' This section has no bearing on the issue now before us. The examination which IRS seesk is of third parties and not a further examination of the taxpayer. The inspection desired is of corporate books and accounting firm papers and not of the taxpayer's books. Under these circumstances, the taxpayers have no standing to quash the summonses which call neither for their further appearance or examination nor for further production of their books.
 
 
 5
 Although headings are not to be read as a limitation on the multiple purposes of a statute (Brotherhood of Railroad Trainmen v. Baltimore & O.R. Co., 331 U.S. 519, 528, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947)), Section 7605(b) itself clearly reveals the accuracy of the heading. It deals with taxpayers and restrictions for their own protection, specifically reading, 'No taxpayer shall be subjected to unnecessary examination or investigations, * * *.' These words cannot be so construed as to bestow upon the taxpayer the privilege of forcing IRS to show cause why its investigations of records and other information in the hands of third parties are necessary every time that some source is discovered which might throw some light on the tax audit. An intolerable situation would be created, which would seriously impair any effective investigation, were the taxpayer allowed, by injunction or motion to vacate, to compel IRS to disclose information already obtained and what it hoped to secure through its various summonses. Such a procedure would be tantamount to the supplying to the taxpayer of a continuous bill of particulars as to each stage of the government's case.
 
 
 6
 A construction limiting the section to its unambiguous language is not unfair to the taxpayer. It protects him from unnecessary examinations or investigations. An investigation, however, often requires a long period of time. There may be many ramifications which lead into many areas. Each new clue investigated is not a new investigation in a Section 7605(b) sense. A taxpayer cannot properly claim that because IRS has summoned six third parties it cannot summon six additional without showing good cause. The investigation continues until completed as one investigation.
 
 
 7
 As to third parties, they have the protection always accorded to them by the courts which limit burdensome subpoenas, restrict them to relevant material and refuse to permit unwarranted searches and seizures. As to taxpayers, nothing said so far prevents them from enjoying the benefits of the section. Where a taxpayer is subjected to unnecessary examinations and investigations, he may seek court recourse. If more than one inspection of his books is sought for any one year, he may insist on the statutory notice. However, 'Our courts should not permit interventions which delay government action at the investigation stage unless the interest asserted is direct and immediate' (Lumbard, Ch. J., in Foster, supra, 265 F.2d p. 189).
 
 
 8
 We have reviewed the many cases cited by both parties. Because of the special circumstances of each case, they are not particularly helpful. Where the statute is clear, it is frequently unwise to try to construe it in accordance with language, used in opinions in other cases, which applies most pertinently only to the facts of those cases. However, in a more general vein, 'The suppression of truth is a grievous necessity at best, more especially when as here the inquiry concerns the public interest; it can be justified at all only when the opposed private interest is supreme' (McMann v. Securities & Exchange Commission, 2 Cir., 1937, 87 F.2d 377, 109 A.L.R. 1445). But here there is no 'opposed private interest.' No claim is made that the testimony or documents sought would be privileged or that they would not be material or relevant to the investigation.
 
 
 9
 In view of our belief that the taxpayers cannot rely on Section 7605(b) in the instant case, it is unnecessary to discuss the questions of burden of proof of necessity or probable cause. In passing, however, it may be said that were the government forced to establish the necesity for every phase of its investigations into taxpayers' financial affairs before proceeding, 'it is impossible to see how the statutes can be enforced at all, or how any wrongdoer can be brought to book' (McMann, supra, 87 F.2d p. 379).
 
 
 10
 Order affirmed and stay vacated.
 
 
 
 [1]
 Section 7605(b): 'Restrictions on examination of taxpayer.-- No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in wriging that an additional inspection is necessary.'