John **GEURKINK** and Catherine Geurkink, Plaintiffs-Appellants,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 15236.

United States Court of Appeals Seventh Circuit.

Dec. 29, 1965.

William Elden, Chicago, Ill., for appellants.

John B. Jones, Jr., Acting Asst. Atty. Gen., Robert Waxman, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, David O. Walter, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

John Geurkink and Catherine Geurkink, his wife, plaintiffs, appeal from a judgment of the district court in favor of the United States of America, defendant, in an action brought by plaintiffs seeking a refund of federal income taxes paid for the taxable year 1959.

Plaintiffs in their complaint charged that they filed a tax return covering income received in said year and that the district director of internal revenue, as a result of a review and audit, determined that said return should be accepted as filed, but that thereafter an additional income tax for the year 1959 amounting to $2593.55 was assessed against plaintiffs, which resulted in the payment of the tax for which action for recovery is sought.

It was stipulated in the district court that during 1959 John Geurkink was the sole stockholder and an officer of Geurkink & Co., Inc.; that plaintiffs' joint return did not report any dividend income; that the Commissioner of Internal Revenue audited the income tax returns of the corporation and, when doing so, discovered by examining the corporation's books and records that plaintiffs had received from said corporation the following:

| | |
|---|---:|
| "Selling and entertaining-trade expenses" | $ 795.54 |
| John Geurkink's portion of Federal Insurance Contribution Act taxes | 120.00 |
| Personal use of residence and facilities owned by corporation-fair rental value | 2400.00 |
| Personal use of corporation's automobile | 524.99 |
| "Travel Expenses"—gas, oil and other cost of operating automobile | 1369.96 |
| Total | $5210.49 |

The Commissioner held these items to be nondeductible personal expenses of plaintiffs and that the said sum of $5210.49 was taxable income which had not been included in plaintiffs' return for the year 1959.

No formal letter was issued by the district director informing plaintiffs that he intended to reopen their tax liabilities. After settlement negotiations resulted in an allowance to the corpora-

tion of a deduction to $3468 of said sum of $5210.49, the agent in charge of the corporation's audit formally requested authorization to reopen plaintiffs' tax liability for 1959, which request was in writing and was approved by the proper personnel and the chief of the Audit Division about October 15, 1962. Plaintiffs were not sent a copy of the request, but were sent a statutory notice of deficiency and interest. Plaintiffs paid the deficiency but not the interest and filed their suit in the district court.

It was expressly stipulated that, in making the assessment, the Commissioner of Internal Revenue did not inspect plaintiffs' individual books and records, but did inspect the books and records of Geurkink & Co., Inc.

█ 1. Plaintiffs argue that, under 26 U.S.C.A. § 7605(b), the Internal Revenue Code provides proper authorization must exist to make a *second* inspection and the lack of such authorization creates an absolute limitation in the authority of the internal revenue service.

Said section provides:

> * * * No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. * *

Their argument does not conform to the facts in this case. As we have indicated, there was no examination of the books and records of plaintiffs but there was an examination of the books of the corporation.

While as a result of an office audit, the district director of internal revenue found no changes would be made in plaintiffs' return which had not disclosed any dividend income from the corporation, an audit of the return and books and records of the *corporation* subsequently made indicated that it had expended and claimed as a deduction items which con-

stituted personal expenses of John Guerkink.

Plaintiffs rely on our holding in Reineman v. United States, 7 Cir., 301 F.2d 267, 272 (1962). However, in Reineman at 271, this court pointed out that the government did not contend that the Commissioner complied with § 7605(b). We now direct attention to the fact that, in that case, the internal revenue agent, who examined the books of the taxpayers, gave testimony in conflict with that of the taxpayers, and the trial court resolved the conflict in favor of the latter. We upheld the finding of the district court, which sustained taxpayers' claim that the deficiency assessment, which gave rise to the overpayment, should be set aside because the Commissioner made a *second inspection of taxpayers' books of account* for the year 1954 without giving them prior written notice, as required by § 7605(b), Internal Revenue Code of 1954.

█ However, in the case at bar it has been stipulated that the action complained of did not result from any examination of plaintiffs' books and records and the district court found that it had not been asserted that there was more than one examination of the corporation's books. We reject the contention that an office audit of a taxpayer's return constitutes an examination of his books and records. Hence, plaintiffs have not demonstrated that a re-examination of their tax return in the possession of the Commissioner constituted a second inspection of "books of account" under § 7605(b). We emphasize that § 7605(b) relates to a second examination of books of account of a taxpayer and does not apply to an examination of books of account of a third person. That section has been so construed in DeMasters v. Arend, 9 Cir., 313 F.2d 79, 86 (1963); Bouschor v. United States, 8 Cir., 316 F.2d 451, 457 (1963); Application of Magnus, 196 F.Supp. 127 (S.D.N.Y.) (1961), affirmed, 2 Cir., 299 F.2d 335, 336 (1962), cert. denied, 370 U.S. 918, 82 S.Ct. 1556, 8 L.Ed.2d 499.

■ 2. Plaintiffs further contend that, by not having the district director of internal revenue make the request that the 1959 tax return be reopened, defendant violated § 7605(b) aforesaid. Reliance is placed by defendant on the following authorities:

Rev.Proc. 59–25, 1959–2 Cum.Bull. 938:

Sec. 4. *Conditions for Reopening.* .01 It is the administrative practice of the Internal Revenue Service not to reopen cases previously closed by the District Director unless there has been substantial error, both in amount and in relation to the total tax liability, or there is evidence of fraud, malfeasance, collusion, concealment or the misrepresentation of a material fact. Reopening as the result of additional information received by the District Director's office must have the approval of the District Director, and reopenings recommended as a result of post review action must have the approval of the Assistant Regional Commissioner (Audit).

Treasury Regulations on Procedure and Administration:

§ 301.7701–9. *Secretary or his delegate.*

\* \* \* \* \* \*

(c) An officer or employee, including the Commissioner, authorized by regulations or Treasury decision to perform a function shall have authority to redelegate the performance of such function to any officer or employee performing services under his supervision and control, unless such power to so redelegate is prohibited or restricted by proper order or directive. The Commissioner may also redelegate authority to perform such function to other officers or employees under his supervision and control and, to the extent he deems proper, may authorize further redelegation of such authority. \* \* \* (26 C.F.R., Sec. 301.7701–9.)

We hold that these regulatory provisions of law were duly complied with in the case at bar. Moreover, in Luhring v. Glotzbach, 4 Cir., 304 F.2d 560 (1962), the court considered a taxpayer's contention similar to the attack made by plaintiffs herein, and held, at 563:

"In our view the procedural rules do not have this weight; and compliance with them is not essential to the validity of a notice of deficiency. \* \* \* "

We do not understand that we have held to the contrary.

■ 3. Counsel for plaintiffs also argues that an examination of records without the owner's consent constitutes a violation of the constitutional right against unreasonable searches and seizures. However, if the fourth amendment were violated, it would pertain to a right of the corporation whose books and records were the subject of examination. In United States v. Eversole, 209 F.2d 766, 768 (1954), we said:

"One who has no proprietary or possessory interests in the premises searched or the property seized is not in a position to claim that his constitutional rights have been violated by an unreasonable search and seizure. \* \* \* "

In any event, inasmuch as neither in the court below nor during the examination of the corporation's books, was an objection made by the corporation, its privilege under the fourth amendment was waived. DeMasters v. Arend, supra.

In Foster v. United States, 2 Cir., 265 F.2d 183, 187–188 (1959), it was held that taxpayers there lacked standing to rely on the fourth amendment because the records involved were owned and possessed, not by them but by the New York Agency of the Bank of London & South America, Ltd., which had been summoned by the Commissioner of Internal Revenue to produce said records.

■ 4. The district court concluded in the case at bar that the amount of $5160.49 was includable in the taxable income of plaintiffs for the year 1959.

This included perscnal expenses of plaintiffs which the corporation had advanced, less the $50 dividend exclusion allowable by law. In their brief plaintiffs maintain that the amount disallowed to the corporation was reduced to $2940 by a compromise worked out between the corporation and a conferee assigned to the case for the purpose of settlement, and that "at worst" that amount "is the taxpayers' dividend". They cite no authorities in support of their contention.

We hold that the district court did not err in the respect in which plaintiffs now criticise its action. This result is controlled by such cases as Hayner v. United States, 62 Court of Claims 189 (1926), where, at 190, the court said:

"It is admitted that the plaintiff received as salary $13,195.79 and returned it as such for taxation. It does not appear that he has returned or has been called upon to return, any of it to the company. Although the Treasury Department held that a part of the sum paid him should be accounted for by the company as a dividend, this does not alter the fact that the plaintiff received it as salary. Having received it as salary, he was called upon to account for it as such in his return. * * *"

Hayner was followed in Brauer v. Commissioner, 6 U.S. Board of Tax Appeals Reports 579 (1927), where, at 581–582, the Board said:

"The decedent has claimed a deduction of $10,000 in each of the years 1919 and 1920, on the ground that the Commissioner disallowed the deduction of those amounts by the Schick-Johnson Co. as excessive compensation and taxed the company thereon. The decedent received those two amounts of $10,000 each as a part of a bonus or additional salary for each of the years and they were income in the years in which received. It is immaterial as to what action the Commissioner took as regards the Schick-Johnson Co., for that determination by the Commissioner is not before the

Board in this proceeding and that corporation and this petitioner are separate entities. * * *"

For the reasons herein set forth, the judgment of the district court is affirmed.

Judgment affirmed.