UNITED STATES of America and Hillary E. Goods, Special Agent, Internal Revenue Service,

v.

Seymour SCHWARTZ, as President of Carson's of Atlanta, Inc., et al.

Civ. A. No. 15230.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 22, 1971.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., John M. Dowd, Trial Atty., Tax Division, United States Department of Justice, Washington, D. C., for plaintiffs.

Dunaway, Shelfer, Haas & Newberry, Atlanta, Ga., for defendants.

## ORDER

EDENFIELD, District Judge.

The government seeks to judicially enforce a summons issued to respondents by Special Agent Goode under the authority of Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954. It has moved for an order to compel the production of certain daily proof journals and related documents which it wants in order to ascertain the answer to a question posed by Goode to Respondent Long and not answered by her. Mrs. Long had been summoned to testify before Goode March 11, 1971 pursuant to a previous summons enforced by this court in an order dated June 17, 1970.

Respondents contend that they are justified in refusing to comply with this summons because the government has already made the one inspection of the records allowed by Section 7605(b). Furthermore, they contend the government has failed to show that the information it now seeks is not already in its possession.

Section 7605(b) of the Code provides:

"No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

In United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Supreme Court held that the government is entitled to judicial enforcement of a summons seeking further examination of books and documents if it shows

"* * * that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed —in particular, that the 'Secretary or his delegate,' after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect." At 57–58, 85 S.Ct. at 255.

*Powell* held that the government does not have a burden to show "probable cause" or any like notion to obtain judicial enforcement of further examination and that it may obtain such enforcement even after the three-year statute of limitations period has run.

In the instant case the government first contends that it is not seeking a second inspection of the daily proof journals and related documents but merely wishes to reexamine these records as part of a first and continuing investigation. As a result, it says, it need not comply with the notice require-

ment of Section 7605(b) or *Powell*. The government cites several cases to support this contention: United States v. Giordano, 419 F.2d 564 (8th Cir. 1969); Application of Magnus, 299 F.2d 335 (2d Cir. 1962); National Plate & Window Glass Co. v. United States, 254 F.2d 92 (2d Cir. 1958); and United States v. Crespo, 281 F.Supp. 928 (D.Md.1968). However, the three circuit court cases are clearly distinguishable from the instant case, and this court respectfully declines to accept the reasoning of *Crespo*.

In *Giordano* the revenue agent asked taxpayer to produce certain books and documents. Taxpayer produced some, but not all, of the requested records, and the agent proceeded to spend a total of six hours inspecting those produced. When the agent asked for the remaining records taxpayer refused to produce them and the government issued a summons which it sought to judicially enforce. Taxpayer argued that the government was seeking a "second inspection" and had failed to comply with the notice requirement of Section 7605(b) of the Code. The court held that the government was entitled to judicial enforcement of the summons since it was merely seeking to continue its first inspection which had lasted but six hours and at which taxpayer had refused to supply all the records requested.

In *National Plate & Window Glass Co.* the revenue agent had made only a cursory examination of the pertinent records during the course of a single business day. The court held that this examination did not even constitute the beginning of the first inspection and the government was entitled to judicial enforcement of its summons compelling the production of the records.

By contrast, the Service dispatched from one to four revenue agents who spent at last 60 full working days in-

specting and copying respondents' records at its place of business from July, 1969 through sometime in 1970. Mrs. Long swears she showed all the company records to these agents, including the daily proof journals, that she explained the contents of all these records, including the daily proof journals, and that the agents had full and free access to all the records, including the daily proof journals. The government does not contradict these assertions, although it claims Special Agent Goode has not seen the daily proof journals. It appears to the court that the government has had its "one inspection."

Nevertheless, the government argues that *Crespo* fully supports its position. In *Crespo*, a revenue agent made an inspection of certain records belonging to taxpayer and then called in a special agent from the intelligence division of the Service. The special agent wanted to inspect some of the records which the revenue agent had seen, but taxpayer refused to produce these records on the ground that it would constitute a "second inspection." The court reasoned that the special agent was engaged in a single "continuing investigation" and it enforced the summons issued by the special agent.

■■ The court in *Crespo* seems to have confused "continuing *investigation*" with "continuing *inspection*." *See* Application of Magnus, 196 F.Supp. 127, 129 (S.D.N.Y.1961), aff'd., 299 F.2d 335 (2d Cir. 1962). There is no doubt that *Crespo* involved a "continuing *investigation*", nor is there any doubt that the instant case involves a continuing investigation. Nevertheless, the explicit language of Section 7605(b) provides that the government is entitled to only one inspection during the continuing investigation [1] unless it satisfies the notice requirement for additional inpections. Application of Magnus, *supra*; [2] In re

---

1. The legislative history of Section 7605 (b) supports this point. *See Powell* at 54–55, of 379 U.S., 85 S.Ct. 248.

2. Taxpayers in *Magnus* attempted to quash a summons issued to third parties

compelling them to testify as part of an investigation. They said that Section 7605(b) bars the government from compelling such third-party testimony. The district court held that Section 7605(b)

Paramount Jewelry Co., 80 F.Supp. 375 (S.D.N.Y.1948). The proper construction of "one inspection" is given in *Giordano* and *National Plate & Window Glass Co.*, and the government's effort here is clearly a second inspection.

 The government's alternative contention, which it pressed at the hearing held before this court, is that it is not seeking a reexamination at all but only testimony which this court has already ordered Mrs. Long to give. The fact is, however, that Mrs. Long did appear to testify before Special Agent Goode, but when she was asked a particular question she responded that she did not know the answer and that the answer was contained in the daily proof journals. Surely this court cannot compel Mrs. Long to testify to facts she does not know. The facts, according to Mrs. Long, are in the daily proof journals and these are what the government will need in order to get the answer to their question. The government tacitly recognizes this since its summons seeks to compel production of the journals themselves.

*Powell* has made it relatively easy for the government to obtain a second inspection of respondents' daily proof journals—it need only give the statutory notice and show that the information it seeks is not already in its possession. The government chooses to do neither. It has not given respondents the statutory notice, and the evidence shows only that Special Agent Goode has not seen the daily proof journals; there has been no showing as to whether the other revenue agents involved in the investigation have seen the journals and brought the information now sought within the government's possession. The failure to make such a showing is enough to prevent this court from enforcing the summons. United States v. Pritchard, 438 F.2d 969 (5th Cir. 1971).

was no bar, and the Court of Appeals affirmed on the basis that Section 7605 (b) was entirely irrelevant to the case and that taxpayers lacked standing to

Since the government seeks a second inspection of the documents listed in its summons but declines to comply with Section 7605(b) of the Internal Revenue Code of 1954 and with the requirements of United States v. Powell, *supra*, the court orders that respondents' motion for summary judgment is granted and the petition is dismissed.

It is so ordered.

assert their claim. *Magnus*, therefore, offers no support to the government in the instant case.