LESLIE C. CURTIS AND JOAN CURTIS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12978–80.     Filed June 24, 1985.

Leslie C. Curtis, pro se.
*Edward M. Robbins, Jr.,* for the respondent.

WILBUR, *Judge*: Respondent determined deficiencies of $5,296 in the petitioners' Federal income taxes for 1976, and of $13,627 for 1977. After concessions, the issues for decision are (1) whether respondent made a second inspection of the petitioners' books of account in violation of section 7605(b),[1] and, if so, (2) whether the appropriate remedy for such

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, and any references to Rules are to the Tax Court Rules of Practice and Procedure.

violation is to invalidate the deficiency notice issued by respondent.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioners resided in Encino, California, during the taxable year in issue and at the time they filed the petition in this case. They timely filed joint Federal income tax returns for the taxable year in issue.

In 1978, agents of the Internal Revenue Service's Los Angeles District examined petitioners' 1976 Federal income tax return. A decision was made to accept the return as filed, and a letter to that effect, commonly referred to as a "no-change letter," was sent to petitioners.

In 1976 and 1977, petitioner Leslie C. Curtis, Jr.,[3] was an investor in a limited partnership (Rock Properties, Ltd., operating out of Miami, Florida) that generated certain losses and other tax benefits. On November 21, 1978, the Jacksonville, Florida, District Office of the Internal Revenue Service notified the Los Angeles District Office that it was inspecting the books of account and tax return of the partnership, in which petitioner owned a 9.5-percent limited partnership interest. As a result of this inspection, respondent disallowed a portion of petitioner's claimed distributive share of the partnership losses, and several items of tax credit (including an investment credit) for the years 1976 and 1977. Petitioner was not informed that the partnership books were being examined, and he did not become aware that the inspection had occurred until he received the statutory notice of deficiency. The parties have settled the substantive issues relating to the investment, but disagree over the propriety of an alleged second inspection without notice for 1976 and the consequences of an improper second inspection.[4]

---

[2]Petitioners assert that any subsequent deficiency notice would be barred by the statute of limitations.

[3]As the facts herein relate solely to the activities of Leslie C. Curtis, Jr., all references to "petitioner" will refer to the petitioner-husband.

[4]The petition further asserts that "General partners of the two partnerships involved have informed petitioner that no examinations for any partnership years have been concluded, therefore no adjustments are proper as of April 14, 1980." At trial, petitioner appeared to have

## OPINION

The Internal Revenue Code provides the following restrictions on the examination of taxpayers:

No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. [Sec. 7605(b).[5]]

We must decide whether the inspection of the partnership books of Rock Properties, Ltd., by the Jacksonville District Office constitutes a second inspection of petitioner's books of account. If we find that respondent has made a second inspection in violation of the requirements of section 7605(b), we must determine whether the proper sanction is to invalidate the deficiency notice.

Respondent appears to have conceded that the examination of petitioner's 1976 Federal income tax return constitutes an "inspection of a taxpayer's books of account." The facts revealed at trial, however, indicate that the "inspection" consisted only of an examination of petitioners' Form 1040. The law is settled that a "review of the Form 1040, and accompanying schedules, does not constitute an inspection of a taxpayer's 'books of account.'" *Benjamin v. Commissioner*, 66 T.C. 1084, 1097 (1976), affd. 592 F.2d 1259 (5th Cir. 1979); *Geurkink v. United States*, 354 F.2d 629 (7th Cir. 1965); *Collins v. Commissioner*, 61 T.C. 693 (1974). Assuming that one inspection had already occurred, however, we nevertheless would find no violation of section 7605(b) because we hold that no second inspection of petitioner's books of account took place.

Petitioner argues that the inspection of the limited partnership's books of account by respondent's agents in Jacksonville constitutes an inspection of his own books of account. We find this interpretation to be inconsistent with the purpose and plain meaning of section 7605(b). In *Benjamin v. Commission-*

---

abandoned this argument. In any event, he did not introduce evidence in support of the facts alleged in the petition regarding this issue, and we therefore need not consider it. Rule 142(a).

[5]Sec. 1906(b)(13)(A) of the Tax Reform Act of 1976 (Pub. L. 94–455, 90 Stat. 1834) amended sec. 7605(b) by substituting the word "Secretary" for "Secretary or his delegate." The change was effective as of Feb. 1, 1977.

*er, supra* at 1098, we stated that "To inspect the 'books of account' would require, at a minimum, that the respondent have access to and physically view a taxpayer's books and records." Petitioners argue that, because a partnership is not itself a "taxpayer" within the meaning of the Internal Revenue Code, an inspection of the partnership books is an inspection of the books of its partners. See sec. 701.

In *Moloney v. United States*, 521 F.2d 491, 501 (6th Cir. 1975), the court stated that the target of section 7605(b) is "the unauthorized invasion of the taxpayers' own books and consequently his personal privacy." The court held on the facts before it that an inspection of the books of a partnership consisting of only two persons constituted an inspection of the books of the individual partners because it was "merely an extension of the persons of the taxpayers themselves." (521 F.2d at 501.) See also *United States v. Lenon,* an unreported case (E.D. Wis. 1977, 42 AFTR 2d 78–5810, 78–1 USTC par. 9159) (involving a subchapter S corporation).

The Sixth Circuit, in *Moloney v. United States, supra,* however, faced facts significantly different from those presented in this case. Moreover, the Ninth Circuit Court of Appeals, the court to which this case is appealable, has issued strong admonitions against an expansive reading of section 7605(b). *De Masters v. Arend,* 313 F.2d 79, 87 (9th Cir. 1963). For these reasons, we decline to hold that the inspection of the books of account of this limited partnership is equivalent to the inspection of the books of each of its limited partners. See *Williams v. United States,* an unreported case (W.D. Tex. 1980, 46 AFTR 2d 80–5906, 80–2 USTC par. 9740) (involving a limited partnership).

Section 7605(b) was enacted to protect taxpayers from repetitive investigations used by the Internal Revenue Service as a means of harassment. The section was not intended, however, to function as a severe restriction upon the powers of the Commissioner. *United States v. Powell,* 379 U.S. 48, 55–56 & n. 13 (1964); *Collins v. Commissioner, supra;* 61 Cong. Rec. 5855 (Sept. 28, 1921). Accordingly, the Ninth Circuit Court of Appeals has stated that the powers of the Commissioner—

are to be liberally construed in recognition of the vital public purposes which they serve; the exception stated in Section 7605(b) is not to be read so broadly as to defeat them. A limited construction of Section 7605(b) is also supported

by the law's general antipathy to the erection of barriers to the ascertainment of truth, and the policy against judicial intervention of the investigative stage of tax matters because of the danger of undue delay in the collection of the revenues. [*De Masters v. Arend, supra* at 87; fn. refs. omitted.]

Were we to reach the conclusion that an inspection of the books of a limited partnership is per se an inspection of the books of each partner, respondent's ability to evaluate the tax positions of limited partnerships would be hampered seriously. Each time respondent wished to examine the books of a limited partnership, he would first need to obtain a complete list of its partners, and then notify each partner whose individual books may have been examined previously that a "second inspection" was about to occur. This severe restriction upon the powers of the Commissioner was not intended by Congress, and we decline to impose it upon the Commissioner by indulging to an absurd extreme the legal fiction that a partnership is not an entity in itself, but is merely an aggregate of its partners.

It is clear that section 7605(b) does not restrict respondent in his inspections of the books of third parties. E.g., *De Masters v. Arend, supra* at 86; *Application of Magnus*, 299 F.2d 335 (2d Cir. 1962); *Hubner v. Tucker*, 245 F.2d 35, 38–39 (9th Cir. 1957). The Second Circuit has stated that "Our courts should not permit interventions which delay government action at the investigation stage unless the interest asserted is direct and immediate." *Foster v. United States*, 265 F.2d 183, 189 (2d Cir. 1959) (Lumbard, C.J., concurring); *Application of Magnus, supra* at 337. Thus, courts have uniformly refused to extend the protection of section 7605(b) to a shareholder in situations involving an inspection of the books of the corporation. E.g., *Kolom v. Commissioner*, 644 F.2d 1282 (9th Cir. 1981), affg. 71 T.C. 235 (1978); *Geurkink v. United States*, 354 F.2d at 631. Nor does the rule apply to the books of mere co-owners of property. *Grossman v. Commissioner*, 74 T.C. 1147, 1156 (1980).

In considering section 7605(b), a distinction between an inspection of the books of a corporation and an inspection of the books of the limited partnership involved in the instant case is not warranted merely because the partnership is not a "taxpayer" within the meaning of the Internal Revenue Code. See *Williams v. United States, supra.* As the Supreme Court

has stated, "a 'partnership is regarded as an independently recognizable entity apart from the aggregate of its partners' for a number of purposes under the Internal Revenue Code." *Bellis v. United States*, 417 U.S. 85, 97 n. 6 (1974), citing *United States v. Basye*, 410 U.S. 441, 448 (1973). For example, the Court in *Bellis v. United States, supra* at 93, held that partnerships may represent "organized institutional activity" to such an extent that a partner's Fifth Amendment rights do not attach to the books of the partnership. We believe that a partnership likewise may have an institutional identity sufficient to distinguish an inspection of its books of account from an inspection of a partner's books for purposes of section 7605(b), at least under the circumstances here present.[6]

*Bellis* involved a partner who held a 45-percent interest in a law firm partnership composed of three individuals. The Supreme Court acknowledged that, with respect to the assertion of Fifth Amendment rights, the case "explore[d] the outer limits of the analysis." 417 U.S. at 94. The Court ultimately concluded that the three-man partnership had an established institutional identity despite its small size, stating:

> This was not an informal association or a temporary arrangement for the undertaking of a few projects of short-lived duration. Rather, the partnership represented a formal institutional arrangement organized for the continuing conduct of the firm's legal practice. The partnership was in existence for nearly 15 years prior to its voluntary dissolution. Although it may not have had a formal constitution or bylaws to govern its internal affairs, state partnership law imposed on the firm a certain organizational structure in the absence of any contrary agreement by the partners; for example, it guaranteed to each of the partners the equal right to participate in the management and control of the firm, and prescribed that majority rule governed the conduct of the firm's business. The firm maintained a bank account in the partnership name, had stationery using the firm name on its letterhead, and, in general, held itself out to third parties as an entity with an independent institutional identity. It employed six persons in addition to its partners, including two other attorneys who practiced law on behalf of the firm, rather than as individuals on their own behalf. It filed separate partnership returns for federal tax purposes, as required by section 6031 of the Internal Revenue Code, 26 U.S.C. section 6031. State law permitted the firm to be sued, and to hold title to property, in the partnership name, and generally regarded the partnership as a distinct

---

[6]Indeed, Congress has made the implicit explicit by enacting sec. 402(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97–248, 96 Stat. 648 (Sept. 3, 1982) which provides a comprehensive mechanism for conducting audits at the partnership level.

entity for numerous other purposes. [*Bellis v. United States, supra* at 95–97; fn. refs. and citations omitted.]

The Court went on to add, however, that "This might be a different case if it involved a small family partnership." *Bellis v. United States, supra* at 101.

In *United States v. Wood*, 435 F. Supp. 870 (W.D. Ky. 1977), the District Court decided that a partnership composed of only two people met the *Bellis* standard despite the facts that the business was conducted without a formal partnership agreement, without a partnership office, without partners who held themselves out as such, without the maintenance of partnership books of account, and without property held in the partnership name.

The instant case is much simpler than *Bellis* and *Wood.* Petitioner made an investment through Rock Properties, Ltd. Rock Properties, Ltd., was a limited partnership in which petitioner held only a 9.5-percent interest. The partnership operated out of Florida; petitioner resided in California. State law restricted petitioner's right to participate in the management of the partnership, and limited his liability for partnership activities. Fla. Stat. Ann. secs. 620.01, 620.07 (West 1977). The partnership was required to file a separate information return. Sec. 6031.[7] In addition, petitioner did not physically possess the partnership books of account, and was not required to deliver any books a second time. We are unable to see how one could regard the partnership and petitioner herein as one and the same for purposes of the second inspection rule. Certainly, this case is distinctly different from the case of the couple who had long conducted a family business as partners in *Moloney v. United States, supra*, on which petitioner principally relies.

On facts similar to those in the instant case, one court has held that the taxpayers' "situation was more like that of corporate investors." *Williams v. United States, supra*, 46 AFTR 2d at 80–5909, 80–2 USTC par. 9740, at 85,443. Examination of the books of the limited partnership before us should not be regarded as a second inspection of petitioners' books.

---

[7]Like the record in *Bellis v. United States*, 417 U.S. 85, 96 n. 4 (1974), the record in the instant case is "quite sketchy." The Supreme Court relied in large part upon the assumption that the partnership operated in accordance with state law, however, and in the absence of evidence of a partnership agreement modifying state law, we do the same today.

Accordingly, we hold that respondent did not violate the proscriptions of section 7605(b).

Because we find that no violation has occurred, we need not decide whether invalidation of the deficiency notice is the proper remedy for such violation. Compare *Reineman v. United States*, 301 F.2d 267 (7th Cir. 1962), with *Estate of Barker v. Commissioner*, 13 B.T.A. 562, 566 (1928).

Due to other concessions,

*Decision will be entered under Rule 155.*