A. Karl SUMMERS, President of Premier Photo Service, Inc., and Premier Photo Service, Inc., a West Virginia Corporation, Plaintiffs,

v.

Nathaniel LOOKER, individually, and as the District Director of Internal Revenue Service, United States Treasury Department, for the State of West Virginia, and, Ronald G. Johnson, individually, and as an Agent of the Internal Revenue Service, United States Treasury Department, in the State of West Virginia, Defendants.

Civ. A. No. 1333–W.

United States District Court
N. D. West Virginia,
at Wheeling.
July 21, 1964.

**514**

Jack L. Miller, Parkersburg, W. Va., for plaintiffs.

John H. Kamlowsky, U. S. Atty., Robert A. Maloney, Atty. Gen., Litigation Section, Tax Div., Dept. of Justice, for defendants.

PAUL, Chief Judge.

The defendants have moved to dismiss the amended complaint in this action. In considering the motion, I have considered the entire record in this proceeding and as well the admissions of fact made by counsel at the hearing on the motion for preliminary injunction and at the hearing on this motion to dismiss, and, under Rule 12(c), this motion is treated as one for summary judgment under Rule 56.

The employees of the plaintiff corporation are on an hourly-rated pay basis, and are paid weekly. Pay day falls on Friday of each week and, on that day, each employee is paid for the hours worked during the week prior to that in which the pay day falls. In other words, each Friday is pay day for the pay period comprising the previous week. On the first three Fridays the employee is paid the gross amount of his hourly earnings, with no deductions for the income tax withholding required by Title 26 U.S. C.A. § 3402(a). On the fourth Friday pay day there is withheld from the pay check an amount, at the prescribed rate, equal to the sum of the withholding for the pay due that date and for the pay which the employee received on the three previous pay days. This procedure is then repeated with regard to the subsequent pays.

The plaintiff corporation is not delinquent in its returns or in its required remittances.

The Internal Revenue Service has objected strenuously to the manner in which the corporation has been treating its payroll deductions for withholding, and the plaintiff corporation, and its President, have adamantly refused to make any change. The Internal Revenue Service, acting through the defendants, has issued and served summons, addressed to the individual plaintiff, as President of the corporate plaintiff, requiring the production of the payroll records of Premier Photo Service, Inc. "for all payroll periods ending after February 6, 1964, to and including the last Payroll Period ending in March, 1964, and pay-

roll checks representing payment of wages for these same periods." The same agent also served upon the plaintiffs a "NOTICE TO MAKE SPECIAL DEPOSITS OF TAXES" on the authority of Title 26 U.S.C.A. § 7512(a). The position of the Internal Revenue Service is that the plaintiffs were not in compliance with Section 3402(a) and with regulation section 31.3402(a)–1(b), in that the plaintiffs had not been deducting and withholding taxes "from the employees' wages as and when paid."

The plaintiffs seek preliminary and permanent injunctions against the defendants' "further harassing" the plaintiffs; against defendants' further inspecting of records of the plaintiff corporation for the year 1964; and from enforcing the notice to make special deposits of taxes. Plaintiffs further seek a declaratory judgment that Internal Revenue Service Regulation § 31.3402 (a)–1(b) be declared null and void, as arbitrary and unreasonable and an attempt to enlarge the scope of the statute.

Plaintiffs' entire case rests upon the single foundation that the regulation is void and is in excess of the statute. Plaintiffs maintain that, in their system of withholding and paying taxes for their employees, they always retain enough of the employees' earnings to make the required payments, and that they are, therefore, in effect, withholding in advance. The argument is that, when each pay day comes around, the employee has earned a week's wages for the week in which the pay day is current, and that those earnings are "withheld" to meet and substitute for deductions from that pay and from the one or two prior pays since the last accounting.

■■ The fallacy in the plaintiffs' contention is that the mere fact that there is a lag of one week in the settlement of wages earned is in nowise referable to a withholding of taxes. The statute requires (in Section 3402(a)) that "Every employer making payment of wages shall deduct and withhold *upon such wages*" (emphasis supplied). Subsection (c) (1) provides elaborate tables

for deductions referable to various payroll periods, including a weekly payroll period. It is obvious that the statutory scheme contemplates withholding deductions from each pay, ratably equal, not the making of accumulated four-weeks' deductions from the pay for a one-week pay period as employed by the plaintiffs. It is not an answer to the statute's clear intendment to say that, by the device employed by plaintiffs, the Government will not be hurt in its collection of taxes. The Congress undoubtedly had more than the collection of taxes under consideration in devising its plan. The Congress extended to employees the "easy installment payment" plan so extensively advertised in commercial selling. The Congress, and properly so, sought to avoid the impact of a too large deduction from a single pay, which the plaintiffs' device entails. The regulation simply carries out the congressional intent discernible from the statutes themselves, and is a valid exercise of the administrative regulatory powers.

■ It is, of course, within the discretion of any employer, in dealing with his employees, to adopt any payroll period which is acceptable, but, having adopted such payroll period, he must make the deduction required for such payroll period from the wages paid for that period.

While the enforcement procedures adopted by the Internal Revenue Service in this case may seem harsh, they are not unauthorized, and it is not for this court to say that their use is unnecessary to compel compliance by this obviously contumacious taxpayer.

■■ In urging their entitlement to an injunction against the summons requiring the production of payroll records, the plaintiffs invoke the effect of Title 26 U.S.C.A. § 7605(b). That section limits the right of the Service to a second audit of a taxpayer's "books of account". It is obviously aimed at preventing repetitious fishing expeditions into a taxpayer's books, with the resultant inconvenience and harassment to the taxpayer,

with reference to the taxpayer's own annual income tax liability. It can have no place in this situation where the inquiry seeks only the records which will show that the employer is or is not in compliance with his weekly duties to withhold, his monthly duties to return, and his quarterly duties to pay, taxes withheld by him for his employees.

The defendants urge various jurisdictional and procedural objections to the court's even considering the questions which the plaintiffs attempted to raise, but this disposition on the merits obviates consideration of these points.

Since there is no genuine issue as to any material fact, summary judgment may be entered for the defendants and this cause dismissed at plaintiffs' costs.