UNITED STATES of America, Petitioner,

v.

Billie Jean ANGELLE, Respondent.

No. 1:93–MC–32.

United States District Court,
E.D. Texas,
Beaumont Division.

July 30, 1993.

Joseph A. Pitzinger, II, U.S. Dept. of Justice, Tax Div., Dallas, TX, for petitioner.

Bruce Locke, Houston, TX, for respondent.

## ORDER

COBB, District Judge.

This is a show cause hearing to determine whether Billie Jean Angelle should be compelled to comply with an Internal Revenue Service (IRS) summons requiring her to appear, testify, and produce certain income tax records. For reasons discussed below, this court orders Mrs. Angelle to comply with the IRS summons.

## I. BACKGROUND

The IRS audited Mr. and Mrs. Angelle for the tax years 1988, 1989, and 1990. On August 12, 1992, IRS Agent Tait sent the Angelles a "30–day letter" indicating they owed a significant amount of back taxes for the year 1989. Ms. Tait testified that the purpose of the "30 day letter" was to notify the Angelles that her report was completed and they could either agree or disagree with her determination of their potential tax liability. If they disagreed, the letter described a process by which the Angelles could appeal.

On February 3, 1993, the IRS sent Billie Jean Angelle a summons requiring her to appear, testify, and bring certain tax records to the IRS. Mrs. Angelle did not comply. On April 12, 1993, the IRS sent the Angelles an official "Deficiency Notice." On July 21, 1993, this court held a show cause hearing to determine why Billie Jean Angelle should not be compelled to obey the IRS summons.

At the hearing, the Angelles argued that the IRS's request for documents and information constitutes a second audit. The plain language of the Internal Revenue Code indicates the IRS cannot validly conduct a second audit unless it notifies the taxpayer, in writing, that an additional inspection is necessary. In this case, the IRS issued the summons before sending the required deficiency notice. Since Mrs. Angelle did not timely receive the requisite notice, she submitted she should not be required to appear.

The IRS argued that such notice is not necessary if the initial investigation was not concluded. In this case, Agent Tait's report was a preliminary step in the audit process and certainly not the final step of the investigation. Since Ms. Tait's report had to be

reviewed by her superiors as a matter of course, the IRS was not required to send a deficiency notice before issuing a summons. The issue before the court, therefore, is whether the IRS was required to send the Angelles a deficiency notice *before* issuing a summons or whether the notice was unnecessary because the IRS was conducting an on-going investigation.

## II. DISCUSSION

The IRS is authorized to summon any relevant records and testimony in order to determine a person's internal revenue tax liability. 26 U.S.C. § 7602(a)(1) (1989). Once it completes an initial investigation, however, the IRS's ability to issue a summons becomes more limited. The plain language of Section 7605(b) of the Internal Revenue Code indicates that the IRS cannot re-inspect a taxpayer's books once it has concluded its investigation unless it notifies her, in writing, that such an inspection is necessary.[1] 26 U.S.C. § 7605(b) (1989).

The Fifth Circuit has explained that such notice is not necessary if the initial investigation is on-going. *United States v. Garrett,* 571 F.2d 1323, 1328–29 (5th Cir.1978). The difficulty, however, is determining whether the investigation is on-going. This court first looks to the legislative intent behind Section 7605(b). Unfortunately, it finds little guidance there. One court observed that "the limitations contained in Section 7605(b), supra, must be liberally construed to permit the Commissioner to carry out those duties imposed by law." *United States v. Schwartz,* 469 F.2d 977, 982 (5th Cir.1972). But another court held that the primary purpose of this section is "to emphasize the responsibility of agents to use good judgment in the exercise of extensive powers of investigation granted them and to insure that the information sought was not already before the Commissioner." *United States v. Wood,* 435 F.Supp. 870, 874 (D.C.Ky.1977). Keeping

both of these goals in mind, this court next looks to the pertinent case law for a way through the quagmire.

The cases defining whether an investigation is on-going are very fact-specific. But even under analogous facts, courts have reached conflicting results. For example, in *United States v. Campola,* 554 F.Supp. 20 (N.D.N.Y.1982), the court held that submitting the investigating IRS agent's determination of the tax liability to a review staff did not constitute an "on-going investigation." *Id.* at 23. In *United States v. Schwartz,* 469 F.2d 977 (5th Cir.1972), however, the Fifth Circuit reached a different result. In that case, the IRS had already conducted an initial audit of a corporation's records. After relinquishing access, the reviewing agent's superiors determined they needed to reexamine some of the records. The defendants refused. The court held that the IRS could not be expected to copy and retain all the information in the corporation's books to which it once had access. The IRS did not need to issue a notice of deficiency when it was merely continuing its investigation since it could validly demand to re-inspect the documents in order to finish its on-going investigation.

Other cases similarly turn on the facts. In *United States v. Garrison Construction Co., Inc.,* 77–2 U.S.Tax Cas. (CCH) ¶ 9705 (D.C.Ala.1977), after completing his initial audit, the IRS issued a summons asking to re-inspect documents from the initial audit. The taxpayer refused since the IRS previously had access to the records. The court concluded that the motivation behind the IRS's request was not sufficient to constitute an on-going investigation. The agent's supervisor was unhappy with the agent's method of auditing and requested the records simply to review the agent's performance. Since the agent's initial investigation was complete and the IRS had not given a writ-

---

1.    **(b) Restrictions on examination of taxpayer.**—No taxpayer shall be subjected to unnecessary examination or investigations, and only one examination of the taxpayer's books of account shall be made for each taxable year

unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.
26 U.S.C. § 7605(b) (1989).

ten notice of deficiency, any further examination was precluded.

Based on the evidence presented here, this court finds the investigation in this case was not yet completed. An agent's initial conclusions are subject to various levels of review to allow the IRS to determine whether it has completed its investigation. Ms. Tait testified that her superiors must review audit reports when the amount of back taxes reach the magnitude involved in this case. Her superiors could either accept her report or order her to conduct a more detailed investigation. The IRS's District Council and Office of Review decided certain records needed to be reexamined in this case. Ms. Tait issued the summons upon their request.

The IRS admits it once had access to all of the records it is now trying to obtain through the summons. It did not adequately inspect these records, however, and would like another opportunity to do so. This court finds the request to be reasonable. As the Fifth Circuit held in *United States v. Schwartz*, 469 F.2d 977 (5th Cir.1972), the IRS cannot be expected to copy all documents it has access to at the initial viewing. Ms. Tait had access to the checks and bank statements at issue for several months. She chose to examine the Angelles' bank statements. Her superiors have instructed her to trace the source of the Angelles' funds by examining the voluminous checks and deposit slips individually. This information is necessary to accurately determine the amount of the Angelles' tax liability. *Id.* at 985 (IRS permitted to access voluminous corporate records to locate subsequently necessary information even though it previously had access to the information); *United States v. Jones*, 630 F.2d 1073, 1080 (5th Cir.1980) (no second inspection notice required if it is factually established that the examining agent referred the case to another agent for further investigation). As such, the IRS's summons is simply another step in an ongoing investigation rather than a new, separate audit.

It is therefore ordered that the United States' Petition to Enforce the Internal Revenue Summons is GRANTED. Counsel for Petitioner will submit a proposed order to this court within ten days setting a time and place for the examination.