WILLIAM A. ALLISON AND KATHLEEN E. ALLISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allison v. Commissioner
Docket Nos. 23762-91, 23763-91
United States Tax Court
T.C. Memo 1993-35; 1993 Tax Ct. Memo LEXIS 46; 65 T.C.M. (CCH) 1827; February 1, 1993, Filed *46 William A. Allison and Kathleen E. Allison, pro se. For Respondent: John W. Duncan. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: These cases were assigned pursuant to section 7443A(b)(4). [1] The cases are before the Court on respondent's Motion for Judgment on the Pleadings in Docket No. 23762-91 and Motion for Partial Summary Judgment in Docket No. 23763-91. The facts may be summarized as follows. By notices of deficiency dated July 25, 1991, respondent determined deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
1982
$ 4,160
$ 208
1983
$ 2,430
$ 122
1984
$ 2,745
$ 137
For the taxable years 1982 through 1984 respondent also determined additions to tax under section 6653(a)(2) in the amounts of 50 percent of the interest due on the deficiencies. Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6661(a)
1986
$ 22,912
$ 1,146
$ 5,728
1987
$   692
$    35
-0- *47 For the taxable years 1986 and 1987 respondent also determined additions to tax under section 6653(a)(1)(B) in the amounts of 50 percent of the interest due on the deficiencies. Petitioners filed timely petitions with this Court. At the time the petitions were filed, petitioners resided in LeRoy, Illinois. For the taxable year 1985, petitioners claimed a net operating loss in the amount of $ 161,230 and deducted part of that loss on their 1985 return. Subsequently they claimed net operating loss carrybacks for the taxable years 1982, 1983, and 1984 in the respective amounts of $ 25,035, $ 19,068, and $ 19,792. Petitioners also claimed a net operating loss carryover for the taxable year 1986 in the amount of $ 98,096. The case at docket No. 23763-91 involves the taxable years 1982, 1983, 1984, and 1986. With regard to the case at docket No. 23763-91, the taxable years 1982, 1983, and 1984 involve only the disallowance of the net operating loss carrybacks and the additions to tax. The 1986 taxable year involves the disallowance of the net operating loss carryover, the inclusion in income of certain pension benefits and the disallowance of a deduction for depreciation. The *48 case at docket No. 23762-91 involves only the taxable year 1987. The parties have stipulated that no net operating loss carryover was claimed for that year and the notice of deficiency indicates that the only adjustment for that year was a disallowance of depreciation. The parties have stipulated to all correspondence between respondent and petitioners. On January 28, 1987, the Service Center in Kansas City, Missouri, wrote to petitioners informing them that certain items of income reported on the 1984 return "do not agree with the amounts reported to us on information returns filed by the payors". On February 3, 1987, petitioner, William Allison, wrote back and did not dispute the adjustments. The letter continued: Since the filing of my original return, I have filed an Amended Return for the year 1984. This resulted [sic] from a carryback from the year 1985. The loss was incurred in 1985 and carried back three years, to 1982, 1983 and 1984. Having apparently under reported [sic] my income originally for 1984, could this letter serve as a further amendment to take an additional carryback of $ 1,627.00 to the year 1984? Even after carrying back the 1985 excess loss for *49 three years, I still have a loss of over $ 100,000 to carry forward to 1986 and thereafter. On March 4, 1988, the Service Center wrote a letter to petitioners that stated inter alia: Information: You had a net operating loss of $ 145,934 in 1985 which you carried back to reduce your tax in 1982, 1983 and 1984. After application of your NOL to 1982 and 1983, you had $ 98,478 remaining to apply to 1984. After the adjustment shown in this report, $ 63,816 of your 1985 NOL remains available for carryover to 1986. If you have carried over your 1985 NOL in excess of this amount, you must file an amended return for 1986. During 1989, respondent audited the 1985 return and disallowed the net operating loss on that return. As a consequence of that disallowance, respondent also disallowed the net operating loss carryback and carryovers in the prior and subsequent years. Prior to that time, the parties agree that there had been no inspection of petitioners' books and records by respondent for the taxable year 1985 or for any year now before the Court. The petitions, in relevant part, allege the following error: It [the notice of deficiency] is based on a re-examination of Petitioners' *50 1985 income tax return, when the 1985 return had been previously examined and the case closed by the Internal Revenue Service Center at Kansas City, MO. This was in violation of Section 601.105(j) of Treasury Regulations.
In an amendment to the petitions, petitioners allege: In addition, prior to reopening the Petitioners' case and re-examining their 1985 return, the service made none of the findings required by Revenue Procedure 85-13.
The petitions in both docket numbers include the statement "Petitioners also contest all interest and penalties assessed in addition to the tax above described". In the case at docket No. 23763-91, petitioners also raise the inclusion in income of the pension benefits for the 1986 taxable year. Neither petition otherwise questions the substantive validity of respondent's determinations on the net operating loss carrybacks or carryovers. Petitioners contend that the issuance of the notices of deficiency was prohibited by any one of several provisions of the Code or regulations or by a combination of these provisions. Respondent's motions are directed to this contention. Section 7605(b) provides: *51 Restrictions On Examination of Taxpayer. -- No taxpayer shall be subjected to unnecessary examination or investigation, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. Petitioners' argument concerning section 7605(b) is obtuse, and we are left somewhat alone to fathom the argument. They agree that, prior to the examination of their books and records that gave rise to the notices of deficiency that are before the Court, there was no actual inspection of their books and records. It is difficult to understand then the effect that section 7605(b) has on these cases. There simply was no second inspection of petitioners' books and records. Petitioners also suggest that there had been a prior examination of their 1985 return, and, therefore, in issuing the notices of deficiency, respondent violated the provisions of Section 601.105(j), Statement of Procedural Rules, and Rev. Proc. 85-13, 1985-1 C.B. 514. Section 601.105(j) provides: *52 (j) Reopening of Cases Closed After Examination. (1) The Service does not reopen any case closed after examination by a district office or service center, to make an adjustment unfavorable to the taxpayer unless: (i) There is evidence of fraud, malfeasance, collusion, concealment, or misrepresentation of a material fact; or * * * (iii) Other circumstances exist which indicate failure to reopen would be a serious administrative omission. (2) All reopenings are approved by the Chief Examination Division (District Director in streamlined districts), or by the Chief, Compliance Division for cases under his/her jurisdiction. If an additional inspection of the taxpayer's books of account is necessary, the notice to the taxpayer required by Code section 7605(b) will be delivered to the taxpayer at the time the reexamination is begun. Rev. Proc. 85-13, 1985-1 C.B. 514, upon which petitioners also rely, essentially restates the provisions of section 601.105(j), Statement of Procedural Rules, although instead of using the phrase "The Service does not reopen any case closed" the revenue procedure is phrased "The Internal Revenue Service *53 will not reopen any case closed". We again have difficulty understanding the gist of petitioners' argument. First, as a factual matter, the 1985 year that gives rise to the net operating loss carryover and carryback adjustments was never closed by an examination prior to the issuance of the notices of deficiency. Clearly the reference in respondent's March 4, 1988, letter, concerning the 1984 taxable year, to the net operating loss from 1985 is insufficient to support a finding that the 1985 year was "closed after examination". Second, and more important, "these procedural rules [contained in section 601.105, Statement of Procedural Rules, and in Rev. Proc. 72-40, 1972-2 C.B. 819, a predecessor of Rev. Proc. 85-13, 1985-1 C.B. 514] are merely directory, and like other similar procedural rules 'compliance with them is not essential to the validity of a notice of deficiency.'" Pleasanton Gravel Co. v. Commissioner, 64 T.C. 510, 529 (1975), quoting Luhring v. Glotzbach, 304 F.2d 560, 563 (4th Cir. 1962); Collins v. Commissioner, 61 T.C. 693, 701 (1974) *54 (discussing a predecessor of Rev. Proc. 85-13). Accord Cleveland Trust Co. v. United States, 421 F.2d 475, 481-482 (6th Cir. 1970); Geurkink v. United States, 354 F.2d 629, 632 (7th Cir. 1965). Accordingly, even if there were a violation of section 601.105, Statement of Procedural Rules, or Rev. Proc. 85-13, 1985-1 C.B. 514, such a violation would not affect the validity of the notices of deficiency. We do not, however, believe that a judgment on the pleadings is appropriate in docket No. 23762-91. While admittedly their pleadings with respect to the additions to tax are scant, it appears that petitioners intended to raise these issues separately and apart from the issue whether the notices of deficiency were invalid. A judgment on the pleadings is to be granted "only if, on the admitted facts, the moving party is entitled to a decision." See Note, Rule 120(a), Tax Court Rules of Practice and Procedure, 60 T.C. 1126. That is not the situation with respect to the 1987 taxable year (docket No. 23762-91). Nonetheless, *55 the Court may consider a motion for judgment on the pleadings as a motion for partial summary judgment under Rule 121. Rule 120(b). The only assignment of error with respect to the deficiencies for the 1982, 1983, and 1984 taxable years (docket No. 23763-91) is that the notice of deficiency was invalidly issued, and, as to that issue, the facts are not in dispute. This is also the case with respect to the 1987 taxable year (docket No. 23762-91). Accordingly, with respect to the deficiencies for the years 1982, 1983, 1984, and 1987, we grant partial summary judgment. With regard to 1986, we grant partial summary judgment with respect to the disallowance of the net operating loss carryover. [2]
Appropriate orders will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. With regard to petitioners' dispute with the asserted interest on the deficiencies, this Court has no jurisdiction over interest in the context that the issue is raised in these cases. See Rutland v. Commissioner, 89 T.C. 1137, 1155↩ (1987).