THEODORE K. WENDORFF AND MARY JO WENDORFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wendorff v. Commissioner
Docket No. 15149-94
United States Tax Court
T.C. Memo 1995-258; 1995 Tax Ct. Memo LEXIS 259; 69 T.C.M. (CCH) 2884; June 13, 1995, Filed *259 Respondent's Motion for Leave to File an Amendment to Answer will be granted. For petitioners: Louis Samuel. For respondent: Lisa W. Kuo. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(4) [1] and Rules 180, 181 and 183. This case is before the Court on respondent's Motion for Leave to File Amendment to Answer filed January 3, 1995. Petitioners filed a Notice of Objection on January 17, 1995, and a hearing was held in Los Angeles, California, on April 3, 1995, at which time the parties appeared and were heard. Background
Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1978, 1979, and 1980 in the respective amounts of $ 11,988, $ 14,574, and $ 23,626. Respondent also determined that section 6621(c) was applicable for 1978 and 1980. Petitioners *260 were investors in a tax shelter program referred to as the MERIT project. According to a closing agreement signed by petitioners on November 28 and 29, 1990, and by a representative of respondent on March 1, 1991: The taxpayers have claimed income, deductions, and/or credits on their returns for taxable years 1978, 1979, 1980, and 1981 relating to the (a) FDI cash and carry; (b) MERIT T-bill option; (c) MERIT T-bond options; and/or (d) MERIT stock forwards tax shelter * * *
In the closing agreement, petitioners agreed to be bound by the results of the controlling cases identified therein which ultimately were decided and reported in Seykota v. Commissioner, T.C. Memo. 1991-234, supplemented by T.C. Memo. 1991-541. In substance we held that transactions in the MERIT T-bill, T-bond, and stock forward contract programs were factual shams and the losses therefrom were disallowed. We further held that the MERIT transactions lacked economic substance and a business or profitmaking purpose and were shams in substance. In the original opinion, T.C. Memo. 1991-234, we held that petitioner Seykota *261 was entitled to a deduction for certain interest claimed. However, in the supplemental opinion, T.C. Memo. 1991-541, we held that such interest was so integrally related to the factual sham program so as to be part of the scheme designed solely for tax avoidance. Accordingly, we held that all gains and losses from the transaction are disregarded and, in particular, the interest paid by petitioner Seykota in connection with the MERIT Arbitrage and Carry program was disallowed. The notice of deficiency herein was mailed to petitioners on July 21, 1994. In the notice of deficiency, respondent adjusted the reported gains and losses from commodity futures and long-term T-bill options pertaining to the MERIT programs. In the petition, petitioners contended that respondent failed to eliminate MERIT program interest income reported by petitioners, relying upon Sheldon v. Commissioner, 94 T.C. 738, 762 (1990). Respondent, in her answer, filed on October 17, 1994, denied these allegations for lack of information. Respondent affirmatively alleged in the answer that petitioners were bound by the closing agreement. When petitioners *262 did not file a reply to the answer, respondent moved for entry of order that undenied allegations in the answer be deemed admitted. Subsequently, petitioners did file a reply, and respondent's motion was denied. On January 3, 1995, respondent filed the Motion for Leave to File Amendment to Answer, alleging that she inadvertently failed to determine that petitioners were not entitled to deduct MERIT investment interest expense in the amount of $ 62,515 in taxable year 1980. In the Amendment to Answer concurrently lodged with the Court, respondent proposes to increase petitioners' deficiency for 1980 by $ 37,421. Discussion
Under section 6214(a), this Court has jurisdiction to consider a claim by the Commissioner for an increased deficiency. Ferrill v. Commissioner, 684 F.2d 261, 265 (3rd Cir. 1982), affg. per curiam T.C. Memo. 1979-501; Henningsen v. Commissioner, 243 F.2d 954, 959 (4th Cir. 1957), affg. 26 T.C. 528 (1956); see Koufman v. Commissioner, 69 T.C. 473 (1977). However, section 6214(a) does not give the Commissioner *263 an unqualified right to amend the answer to claim an increased deficiency or addition to tax. Commissioner v. Long's Estate, 304 F.2d 136, 141-142 (9th Cir. 1962), affg. unreported orders of this Court; Koufman v. Commissioner, supra.Section 7453 expressly authorizes this Court to adopt rules governing practice before it, and the Commissioner, like any other party before this Court, is required to conform to such rules. Koufman v. Commissioner, supra at 476. Under Rule 41(a), a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served, or where no responsive pleading is permitted, a party may amend his pleading at any time within 30 days after the pleading is served, if the case has not yet been placed on a trial calendar. Otherwise, a party may amend his pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely where justice so requires. Waterman v. Commissioner, 91 T.C. 344, 347 (1988). Whether a motion seeking amendment should be allowed is within *264 the sound discretion of the Court, and such decision shall not be reversed absent an abuse of discretion. Commissioner v. Long's Estate, supra at 144. In determining the justice of a proposed amendment, we must examine the particular circumstances in the case before us, for the exercise of discretion may never be arbitrary, but rather, must be controlled by sound reason and fairness. California Brewing Association v. Commissioner, 43 B.T.A. 721, 725 (1941). We consider, among other factors, whether there would be unfair surprise or substantial disadvantage to petitioners if the Commissioner's motion to amend were granted. Ferrill v. Commissioner, supra; Henningsen v. Commissioner, supra.
With this perspective, we now consider petitioners' objections. Initially, petitioners' first objection can be considered one of fairness. Petitioners contend that it has been over 10 years since respondent's examination division conducted the audit of petitioners' tax returns. Petitioners argue that the issue respondent now advances was not raised by the *265 examination division, it was not raised when the closing agreement was negotiated, and it was not raised in the notice of deficiency. Thus, we should not permit respondent to raise it at this late date. We are not concerned with what occurred prior to the mailing of the notice of deficiency, for that would impermissibly go behind the notice of deficiency. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). Moreover, although the record does not contain copies of any waivers of the statute of limitations, the statute of limitations issue has not been raised in any of the pleadings of this case. Thus, the lengthy period between the audit of these returns and the mailing of the notice of deficiency is irrelevant here. Accordingly, the appropriate issue we must consider is whether respondent is unreasonable in seeking to amend the answer barely 2-1/2 months after filing the answer. In Waterman v. Commissioner, supra, we permitted respondent to file an amendment to answer roughly 2-1/2 months after the answer was filed. [2] Petitioners have not shown that respondent in this regard has failed to act *266 with reasonable diligence. Moreover, it is irrelevant that the new issue is being proposed by respondent's counsel, rather than the examination division or appeals division. We have no reason to believe that respondent's counsel is acting without respondent's consent. As to the question of fairness, we are constrained to note that petitioners are contending in their petition that they should not be taxed on interest earned from the MERIT program and, at the same time, are resisting respondent's attempt to deny their deduction for interest paid in connection with the same project. In this connection, petitioners' claim of unfairness has a hollow ring. Petitioners also contend that granting respondent's motion would be in violation of section 7605(b), which pertains to reopening procedures. The position taken by respondent *267 does not amount to a reexamination of petitioners' books and records. It merely raises a new issue based upon information already within respondent's knowledge and possession. Inspection of a tax return does not constitute an inspection of a taxpayer's books of account. Curtis v. Commissioner, 84 T.C. 1349, 1351 (1985); Benjamin v. Commissioner, 66 T.C. 1084, 1097 (1976), affd. 592 F.2d 1259 (5th Cir. 1979). Accordingly, petitioners' contention is without merit. Petitioners also contend that respondent's position with regard to the investment interest deduction is in violation of the closing agreement entered into between the parties. This contention goes to the merits of respondent's adjustment and not to the question of whether justice requires that respondent's Motion for Leave be denied. That contention may be addressed at a later date, and petitioners are protected from the standpoint that respondent has the burden of proof with regard to new matters raised affirmatively by respondent in her answer. Rule 41(b). We also find that petitioners have not shown that they will suffer unfair *268 surprise or substantial disadvantage in regard to contesting the new issues. Petitioners certainly should have been aware of the Seykota opinions and the fact that they had claimed investment interest in connection with the MERIT projects. Lewis v. Commissioner, 90 T.C. 1044 (1988), does not compel a contrary conclusion. Respondent bears the burden of proof with respect to the new issue, and petitioners will be entitled to a full and fair hearing thereon. Since the case has not yet been calendared, ample time exists for exploration of the facts by petitioners, either informally or through discovery. We hold that justice requires the granting of respondent's motion. Respondent's Motion for Leave to File an Amendment to Answer will be granted. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that respondent could have raised the new issue in her answer (sec. 6214(a)), or at any time prior to the filing of petitioners' reply (Rule 41(a)↩), without leave of the Court.