T.C. Summary Opinion 2001-60

UNITED STATES TAX COURT

BLANEY H. HOWLE III AND POLLY T. HOWLE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6702-00S.                    Filed April 23, 2001.

Blaney H. Howle III and Polly T. Howle, pro sese.

Amy Dyar Seals, for respondent.


DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $5,000 in petitioners' 1997 Federal income tax. The issues for decision are: (1) Whether respondent subjected petitioners to multiple audits for their 1997 taxable year in violation of section 7605(b); and (2) whether respondent determined petitioners' 1997 Federal income tax correctly.

## Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioners resided in Florence, South Carolina, at the time their petition was filed with the Court.

Petitioners are husband and wife. Petitioner Blaney H. Howle III (Mr. Howle) turned 62 on October 31, 1997, and petitioner Polly T. Howle (Mrs. Howle) turned 62 on March 1, 1997. Mr. Howle has been retired on disability from railroad employment since the age of 57.

In 1997, Mr. Howle received Tier 1 railroad retirement benefits of $1,186, and Mrs. Howle received Tier 1 railroad retirement benefits of $284. Mr. Howle also received $23,083.28 in Tier 2 railroad retirement benefits and $516 in supplemental annuity benefits. Mr. Howle's employee contributions toward Tier 2 benefits total $20,365.56. In 1997, Mrs. Howle received

$5,387.40 in Tier 2 railroad retirement benefits. Mrs. Howle has no employee contributions to recover.

Petitioners reported their $28,986.68 of Tier 2 railroad retirement benefits and supplemental annuity benefits as "Social Security benefits" and the $1,470 of Tier 1 railroad retirement benefits as the "Taxable amount" on their joint 1997 Form 1040, U.S. Individual Income Tax Return (return). Petitioners made a $3,000 math error in adding their itemized deductions on their Schedule A, Itemized Deductions. The Internal Revenue Service (IRS) corrected this math error, and as a result, petitioners received a refund of $684.63 for 1997 rather than the $2,221.93 they claimed for a refund on their return.

By letter dated April 21, 1998, Mr. Howle asked the IRS to explain how social security and railroad retirement benefits are taxed. The IRS responded by letter dated May 9, 1998, with "corrected" copies of petitioners' 1997 Form 1040, Schedule D, Capital Gains and Losses, and Social Security Benefits Worksheet. The IRS determined petitioners' tax liability based on $1,470 of Tier 1 railroad retirement benefits received and adjustments to petitioners' tax computations using maximum capital gains rates. As a result, petitioners received an additional refund for 1997 of $1,395.30. However, the IRS did not account for the Tier 2 railroad retirement and supplemental annuity benefits received by petitioners.

By notice dated September 20, 1999 (September notice), the IRS proposed to change petitioners' 1997 return to include unreported pension income. The proposed changes appear to have been brought about by review of petitioners' return and the information returns submitted to the IRS by the Railroad Retirement Board. Petitioners disagreed with the proposed changes set forth, and the IRS realized that the proposed changes failed to include $515 of the taxable Tier 1 railroad retirement benefits.

By letter dated December 2, 1999, the IRS acknowledged that the changes proposed in its September notice were incorrect and proposed revised changes to petitioners' 1997 return (December proposed changes). The December proposed changes are the basis for the statutory notice of deficiency issued petitioners on April 7, 2000.

## Discussion

Since 1983, railroad retirees have been taxed on two categories of benefits. See Railroad Retirement Solvency Act of 1983, Pub. L. 98-76, 97 Stat. 411. "Tier 1" benefits are taxed in the same manner as Social Security benefits under the provisions of section 86. See sec. 86(d)(1)(B). "Tier 2" benefits are taxed in the same manner as pension benefits provided under an employer plan that meets the requirements of section 401(a). See sec. 72(r).

Petitioners challenge the validity of respondent's notice of deficiency claiming that they have been subjected to multiple audits for their 1997 tax year. Although they concede that their railroad retirement benefits are taxable, they challenge respondent's calculations.

There is no express limit on the number of examinations that may be pursued by the IRS for the same taxable year. See Digby v. Commissioner, 103 T.C. 441, 447 (1994). Section 7605(b), however, protects taxpayers from repetitive investigations undertaken by the IRS as a means of harassment. See Curtis v. Commissioner, 84 T.C. 1349, 1352 (1985); Collins v. Commissioner, 61 T.C. 693, 698-699 (1974). It provides:

> No taxpayer shall be subjected to unnecessary
> examination or investigations, and only one inspection
> of a taxpayer's books of account shall be made for each
> taxable year unless the taxpayer requests otherwise or
> unless the Secretary, after investigation, notifies the
> taxpayer in writing that an additional inspection is
> necessary. [Sec. 7605(b).]

In petitioners' case, respondent has not violated either of the two prohibitions contained in section 7605(b). Petitioners have not been subjected to an unnecessary examination or investigation, nor have their books and records been reexamined without written notice thereof.

Nothing in the record suggests that petitioners were subjected to an unnecessary examination. Section 7605(b) was not meant to restrict the scope of respondent's legitimate effort to

protect the revenue. See <u>United States v. Powell</u>, 379 U.S. 48, 54-56 (1964); <u>Collins v. Commissioner</u>, <u>supra</u>. It is not to be read so liberally as to defeat the powers granted to the IRS to examine the correctness of taxpayers' returns. See <u>De Masters v. Arend</u>, 313 F.2d 79, 86-87 (9th Cir. 1963).

Petitioners did not include any of their Tier 2 railroad retirement benefits in the gross income reported on their 1997 return, and they incorrectly included all of their Tier 1 benefits. They now acknowledge that 85 percent of their Tier 1 benefits are includable in gross income, and they do not dispute that their Tier 2 benefits are taxable in the same manner as pension benefits. Petitioners do not suggest that the IRS properly accounted for these items in its previous adjustments to their return. Therefore, respondent did not subject petitioners to an unnecessary examination.

Further, nothing in the record suggests that respondent ever examined or inspected petitioners' books of account. The IRS first corrected a mathematical error made by petitioners on their return. In response to petitioners' request for assistance, the IRS then attempted to provide petitioners with a completed Form 1040 calculating their income tax liability. It appears that the IRS realized that the return it had completed was incorrect when it matched petitioners' return with information returns received from the Railroad Retirement Board. Based on this review, the

IRS sent a notice proposing changes to petitioners' return. After petitioners objected to the proposed changes, the IRS recognized it had failed to include $515 of the $1,250 petitioners now acknowledge is the portion of their Tier 1 benefit which is includable in their gross income. The IRS corrected this error and sent petitioners a new notice of proposed changes.

The IRS' reconsideration of petitioners' tax return and accompanying schedules does not constitute an inspection of their books of account. See Curtis v. Commissioner, supra at 1351; Benjamin v. Commissioner, 66 T.C. 1084, 1097 (1976), affd. 592 F.2d 1259 (5th Cir. 1979). Likewise, respondent's comparison of petitioners' return with the information returns of a third party does not constitute an inspection of petitioners' books of account. See Digby v. Commissioner, supra at 447-448.

There is no evidence that petitioners' books of account were ever examined much less that they were examined for a second time without the notice required by section 7605(b). Thus, respondent has not violated section 7605(b).

We now turn to respondent's computation of petitioners' income tax liability. Petitioners have conceded that $1,250 (85 percent) of their Tier 1 railroad retirement benefit is includable in their 1997 gross income. Petitioners do not dispute that their Tier 2 and supplemental annuity benefits are

taxable; however, they have challenged the amount of the deficiency determined by respondent. Therefore, an examination of the taxable amount of petitioners' Tier 2 and supplemental annuity benefits is necessary.

Tier 2 railroad retirement benefits are treated for tax purposes as provided under an employer plan that meets the requirements of section 401(a). See sec. 72(r)(1). Section 402(a) provides that such benefits are subject to tax to the extent provided in section 72, which relates to annuities. Section 72(a) generally requires any amount received as an annuity to be included in gross income. Section 72(d), however, allows taxpayers to exclude the benefits which represent a return of their own investment in their employer's plan. The method for recovery of investment provided for in section 72(d)(1)(B) excludes from gross income the amount of any monthly annuity payment that does not exceed the amount obtained by dividing the taxpayer's contribution to the plan by the number of anticipated payments.

Section 1.72-15(b), Income Tax Regs., provides that section 72 does not apply to any amount received as an accident or health benefit. The pension benefits petitioners received as a result of petitioner's disability are accident or health benefits within the meaning of section 1.72-15, Income Tax Regs. See sec. 1.72-15(a), Income Tax Regs. If a plan provides that any portion of

an accident or health benefit is attributable to the contributions of the employee, then that portion of the benefit is excludable from gross income under section 104(a)(3). See sec. 1.72-15(c)(1), Income Tax Regs. If, however, the plan does not expressly provide that the accident or health benefits are to be provided with employee contributions and the portion of employee contributions to be used for such purpose, it will be presumed that none of the employee contributions is used to provide such benefits. See sec. 1.72-15(c)(2), Income Tax Regs.

Absent disability, no railroad retirement benefits are paid until the employee reaches age 62 or is at least 60 years old and has completed 30 years of service. See Railroad Retirement Act of 1974, Pub. L. 93-445, sec. 2(a)(10), 88 Stat. 1312, currently codified at 45 U.S.C. sec. 231(a)(1) (1994). Petitioners have not presented any evidence regarding Mr. Howle's length of service. We thus conclude that Mr. Howle was not eligible for retirement until he turned 62 on October 31, 1997, and that the railroad retirement benefits petitioners received in 1997 were on account of disability until such date.

We have found no provision in the Railroad Retirement Act expressly stating that disability benefits are to be provided with employee contributions. See 45 U.S.C. 231. Therefore, all of the Tier 2 benefits received by petitioners through October 31, 1997, are to be included in gross income.

Petitioners, however, are entitled to exclude from gross income the portion of Mr. Howle's benefits received in November and December that is attributable to his contributions. Mr. Howle's total employee contributions are $20,365.56. The number of anticipated monthly payments is 260. See sec. 72(d)(1)(B). Thus, petitioners may exclude $156.66 ($20,365.56 divided by 260 and multiplied by 2) of their Tier 2 benefits. See id. Because Mrs. Howle had no employee contributions, all of her Tier 2 benefits are taxable.

No part of an employee's contribution is allocable to a supplemental annuity. See sec. 72(r)(2)(C). Thus, the $516 Mr. Howle received as a supplemental annuity benefit is fully includable in petitioners' gross income.

In view of the discrepancies among respondent's computations of petitioners' income for 1997, we direct that a computation under Rule 155 be made.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.